**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LORI A. WILLIAMS,<br>        Appellant, | DOCKET NUMBER<br>CH-0752-23-0290-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE:  January 16, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Matthew Dehart, Esquire, Jamestown, Kentucky, for the appellant.

Amanda J. Moreno, Esquire, Houston, Texas, for the appellant.

Robyn L. Lee, Esquire, and Hayley Michelle Smith, Esquire, Nashville, Tennessee, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal from her position as a Social Worker at the Department of Veterans Affairs.  The appellant asserts that the agency has not

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

proven its three charges and that the penalty of removal was unreasonable. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except AS MODIFIED to find that the agency has not proven specifications 1 and 2 of the conduct unbecoming charge, we AFFIRM the initial decision.

## BACKGROUND

The appellant was formerly employed by the Department of Veterans Affairs as a Social Worker until the agency removed her based on charges of conduct unbecoming, failure to follow instructions, and privacy violations. Initial Appeal File (IAF), Tab 1 at 10, 16-17. On appeal, the appellant asserted that the agency had not proven its charges. IAF, Tab 3 at 5-10. After a hearing, the administrative judge issued an initial decision, which sustained all three charges and sustained the removal. IAF, Tab 22, Initial Decision (ID) at 13-14, 16, 22. The appellant has filed a petition for review challenging the administrative judge's findings regarding the charges. Petition for Review (PFR) File, Tab 6 at 6-12, 15. The appellant also asserts that the administrative judge erred in her consideration of the *Douglas* factors. *Id.* at 13-17; *see Douglas v. Department of Veterans Affairs*, 5 M.S.P.R. 280, 305-06 (1981).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency has not proven specifications 1 and 2 of the conduct unbecoming charge by preponderant evidence.</u>

On review, the appellant challenges the finding that the agency proved specification 1 of the conduct unbecoming charge, in which she was charged with advising Patient A's caregiver to bring him to the Somerset Clinic instead of to an emergency room as his medical team recommended. IAF, Tab 1 at 16; PFR File, Tab 6 at 15. Patient A, an 87-year-old who had dementia, reported being confused, which can be a sign of infection among the elderly. IAF, Tab 7 at 5, Tab 14 at 7; ID at 4 (citing hearing testimony). The administrative judge concluded that the agency proved this specification by preponderant evidence based on the appellant's admission that she told the patient's caregiver that they could come to the Somerset Clinic, which the administrative judge determined was against medical advice. ID at 4-5 (citing testimony of the appellant).

The appellant's statement at the hearing that she answered "yes" when the caregiver asked if they "could come to the clinic" is not equivalent to saying that they should come to the clinic and not go the emergency room. After the triage nurse and medical provider advised Patient A's caretaker to take him to an emergency room, the caretaker called the appellant. IAF, Tab 14 at 7. The caretaker explained that Patient A refused to take an ambulance to go to an emergency room. *Id.* However, she indicated that Patient A would be willing to go to an emergency room if he could first go to the Somerset Clinic, and the clinic then advised him to go there. *Id.* The appellant indicated that she advised the caretaker to take Patient A to the emergency room. *Id.* However, when the caretaker asked if she could bring him directly to the Somerset Clinic because that was the only way she could get him to cooperate, the appellant answered yes. ID at 4-5 (citing testimony of the appellant). The agency has not introduced evidence to dispute these facts. Under these circumstances, we find that the agency has not established by preponderant evidence that the appellant's actions constitute conduct

unbecoming, and we modify the initial decision to find that this specification is not sustained.

The appellant also challenges the second conduct unbecoming specification, in which she was charged with recommending or referring Patient B for mental health services despite his indication that he did not want them. IAF, Tab 1 at 16; PFR File, Tab 6 at 15. The administrative judge sustained the specification based on the testimony of another social worker who spoke with Patient B after the appellant met with him. IAF, Tab 7 at 14; ID at 6-7. This witness testified that the patient "felt bullied" by the appellant, no longer wanted to receive care at the Somerset Clinic, and did not want mental health services. IAF, Tab 18-3, Hearing Recording; ID at 6.

On review, the appellant asserts that making a mental health referral to a patient who exhibited concerning behavior is consistent with her job responsibilities and is not conduct unbecoming. PFR File, Tab 6 at 15. We find that the agency has not proven by preponderant evidence that this action by the appellant amounted to conduct unbecoming. The patient was free to disregard the recommendation or referral. Indeed, the administrative judge made no explicit finding that the appellant pressured Patient B into accepting the recommendation or referral. ID at 6-7. In addition, the appellant's action appears to be supported by the Code of Ethics of the National Association of Social Workers, which directs social workers to "refer clients to other professionals when the other professionals' specialized knowledge or expertise is needed to serve clients fully . . . ." National Association of Social Workers, Code of Ethics, Section 1.16(a), https://www.socialworkers.org/About/Ethics/Code-of-Ethics/Code-of-Ethics-English/Social-Workers-Ethical-Responsibilities-to-Clients (last visited Jan. 16, 2026). Therefore, we modify the initial decision to find that specification 2 of the conduct unbecoming charge is not sustained.

<u>The penalty of removal is within the tolerable limits of reasonableness for the
sustained specifications and charges.</u>

We have reviewed the reasonableness of the penalty in light of our finding
that the agency failed to prove two specifications of the conduct unbecoming
charge. *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650-51 (1996) (finding
that the Board must consider the agency's failure to sustain all of its supporting
specifications when determining the reasonableness of the penalty). We find that
the agency's failure to prove those two specifications does not warrant a different
outcome. The six proven specifications of conduct unbecoming, along with the
proven specifications of failure to follow instructions and privacy violations, are
sufficient to justify the appellant's removal. *See Ellis v. Department of Defense*,
114 M.S.P.R. 407, ¶ 11 (2020) (holding that, when all of the agency's charges are
sustained, the Board will review the agency-imposed penalty only to determine if
the agency considered all the relevant factors and exercised management discretion
within the tolerable limits of reasonableness).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the
Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review
of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims
determines the time limit for seeking such review and the appropriate forum with
which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of
available appeal rights, the Merit Systems Protection Board does not provide legal
advice on which option is most appropriate for your situation and the rights
described below do not represent a statement of how courts will rule regarding
which cases fall within their jurisdiction. If you wish to seek review of this final
decision, you should immediately review the law applicable to your claims and

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the
notice of review rights included in final decisions. As indicated in the notice, the Board
cannot advise which option is most appropriate in any matter.

carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.